DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| WAYNE A. WOODRUP,<br><br>                Plaintiff,<br>     v.<br><br>LIMETREE BAY TERMINALS, LLC, *d/b/a*<br>Ocean Point Terminals,<br><br>                Defendant. | CASE NO. 1:2023-CV-00045-WAL-EAH<br><br>*Superior Court No. SX-2023-CV-00335* |

**<u>DEFENDANT LIMETREE BAY TERMINALS, LLC'S NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Limetree Bay Terminals, LLC *d/b/a* Ocean Point Terminals ("Ocean Point"), by its undersigned attorney, hereby files this Notice of Removal from the Superior Court of the Virgin Islands, Division of St. Croix to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Ocean Point respectfully states as follows:

    **I.    BACKGROUND**

    1.    The removed case is a civil action brought by Plaintiff Wayne A. Woodrup ("Plaintiff") on September 16, 2023, in the Superior Court of the Virgin Islands, Division of St. Croix, and is entitled *Wayne A. Woodrup v. Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals*, No. SX-2023-CV-00335. Ex. 1, Plaintiff's Complaint ("Complaint"). Plaintiff served the Complaint on Ocean Point's registered agent on or about September 22, 2023. Ex. 2, Proof of Service of Complaint.

    2.    Accordingly, this Notice is being filed within thirty (30) days after receipt by Ocean Point of the initial pleading setting forth the claim upon which the action is based, as required by 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents filed in the Superior Court Action are attached hereto as Ex. 2 and are

1

incorporated herein by reference.

3. Plaintiff's Complaint alleges negligence-based claims against Ocean Point predicated on injuries Plaintiff allegedly incurred following a slip and fall on Ocean Point's premises. See Ex. 1, Compl. ¶¶ 6-12.

4. Removal is proper, as there is diversity of citizenship between the parties and the purported amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. REMOVAL IS PROPER BECAUSE DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES

### A. Diversity of Citizenship Exists Among the Parties

5. Upon information and belief, Plaintiff is, and was at the time of the filing of this action, a resident and citizen of St. Croix, United States Virgin Islands. Ex. 1, Compl. ¶ 2.

6. In his Complaint, Plaintiff named as the sole defendant, "Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals." *See* Ex. 1.

7. Ocean Point Terminals is a limited liability company, whose sole member is a citizen of the Cayman Islands. This Court has previously maintained jurisdiction in separate litigation involving Ocean Point on the basis that diversity of citizenship existed between a Virgin Islands Plaintiff and Ocean Point. *See Nicole Wooten v. Limetree Bay Terminals d/b/a Ocean Point Terminals, et al.*, No. 1:23-cv-00012-WAL-EAH (removed from Superior Court on Mar. 17, 2023).

8. In determining whether a civil action is removal of the basis of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). However, citizenship of partnerships and other unincorporated associations is determined by the citizenship of their

2

partners or members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015).

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because Ocean Point Terminals is not a citizen of the Virgin Islands; Plaintiff and Defendant are completely diverse in their citizenship.

### B. The Amount in Controversy Requirement is Satisfied

10. On the face of his Complaint, Plaintiff alleges that the amount in controversy exceeds the sum of $75,000. *See* Ex. 1, Compl. ¶ 4.

11. Without conceding liability or the merits of Plaintiff's claims, Plaintiff's claims for damages exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### III. VENUE IS PROPER

12. The District Court of the Virgin Islands is the federal district encompassing the Superior Court of the Virgin Islands, Division of St. Croix, where this suit originally was filed. The action is therefore being removed to the District Court for the district embracing the place where the action is pending in accordance with 28 US.C. § 1441(a).

### IV. FILING OF REMOVAL PAPERS

13. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being given simultaneously to Plaintiff and a copy of the Notice of Removal will be filed promptly with Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

### V. CONCLUSION

14. Complete diversity exists between Plaintiff and Ocean Point in the above captioned action, in which the amount in controversy exceeds $75,000.

WHEREFORE, Ocean Point hereby gives notice that the matter styled as *Wayne A. Woodrup v. Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals* is removed to the District Court of the Virgin Islands, Division of St. Croix.

Date: October 13, 2023                                   Respectfully Submitted,

*/s/ Kevin A. Rames, Esq.*
Kevin A. Rames, Esq.
V.I. Bar No. 193
KaSandra N. Rogiers, Esq.
V.I. Bar. No. 2208
K.A. RAMES, P.C.
2111 Company Street, Suite 3
Christiansted, St. Croix VI 00820
Tel. 340-773-7284
Fax 340-773-7282
*kevin.rames@rameslaw.com*
*kasandra.rogiers@rameslaw.com*

*Counsel for Limetree Bay Terminals, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Defendant certifies that the pleading has been prepared in compliance with Local Rule 5.1(a).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 13, 2023, I filed a true and correct copy of the foregoing **NOTICE OF REMOVAL** and caused a true and correct copy of the same to be served electronically upon all counsel of record.

                                             */s/ Kevin A. Rames, Esq.*
                                             Kevin A. Rames, Esq.

Case: 1:23-cv-00045-WAL-EAH Document #: 1 Filed: 10/13/23 Page 5 of 5